IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD LLOYD GILBERT,

      Petitioner,                    No. CIV S-10-2187 GGH P

   vs.

THE PEOPLE OF SACRAMENTO COURT,

      Respondent.                 ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to petitioner's consent. Doc. 4. On September 13, 2010, the court ordered petitioner to show cause why this case should not be dismissed for failure to exhaust state remedies. Petitioner timely filed a response.

      The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

1

Petitioner alleges that at sentencing for a 2008 conviction, the trial court improperly added a sentencing enhancement due to a 1989 conviction. After reviewing the instant petition for habeas corpus, it does not appear that petitioner has exhausted his claims in state court relating to the 2008 conviction.

In his response, petitioner states that he did not appeal his case because he pled guilty. Regardless of a conviction at trial or a plea, state remedies must be exhausted prior to filing a petition in federal court. Petitioner's petition will be dismissed without prejudice for petitioner to exhaust his claims in state court. Petitioner may re-file this federal petition once the claims have been exhausted in state court.[1]

Accordingly, IT IS HEREBY ORDERED that the petition is dismissed without prejudice for failure to exhaust state remedies.

DATED: October 7, 2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH: AB
gilb2187.dis

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).